## J. V. MITCHELL *v.* CITY OF MERIDIAN.

1. PRIVILEGE TAX. *Attempt to evade. Change in form of business.*
    Privileges are taxed in reference to the known course of business. The tax cannot be evaded by changes in the mere form of transacting the business, or by parcelling out among several persons the duties usually pertaining to one.

2. SAME. *Sewing machine agency. Code* 1880, § 585.
    A sewing machine company rented a building at Meridian, where it sent sewing machines for distribution among its agents, who sold them to customers in the vicinity. It employed a clerk to look after the machines and deliver them to the agents, and they reported sales to an agency in Mobile, Ala. Appellant did not sell machines, and he had no part or control in the contracts between the company and its agents and customers, but he was in charge of the business of the company at Meridian. His main duty was to collect the claims for machines sold, such claims being sent him from Mobile. Only a privilege tax of $5, imposed " on each sewing machine agent," was paid. *Held*, that he was punishable for the failure to pay a tax of $25, imposed by the city " on each agency for sewing machines."

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

By § 585, code 1880, the state imposes a privilege tax of $50 a year " on each agency for sewing machines," and, as authorized, the city of Meridian, by ordinance, imposed a tax of $25 on this privilege.

The Singer Sewing Machine Company rented a building at Meridian, Miss., where it sent sewing machines for distribution among its agents who sold in that vicinity. It employed a clerk to receive and look after these machines, and deliver them to these traveling agents. The agents signed receipts for the machines and sent them to an agency of the company at Mobile, Ala., and they also reported all sales to this agency, sending the claims for the machines sold. One Weeks was the general agent of the company for the Meridian territory, with headquarters at Mobile, but he often visited Meridian, and he testified that it was a depot or distributing point for machines sold by several agents of the company.

Appellant, Mitchell, was in charge of the business of the company at Meridian, but he sold no machines.   In the main, his duty was to collect the claims for the machines sold by the traveling agents, these claims being sent him from the Mobile office.   He had nothing to do with the contracts between the company and its agents who sold machines.   The company paid for him a privilege tax of $5, the amount imposed by the city of Meridian " on each sewing machine agent."   On affidavit of the city tax collector, appellant and the said Weeks were charged with conducting an " agency for sewing machines," without first paying the privilege tax required by the ordinance.   Both defendants were convicted in the mayor's court, and, on appeal to the circuit court, the said Mitchell was again convicted, when he appealed to this court.   The other facts necessary to an understanding of the case are stated in the opinion.

*T. A. Wood,* for appellant.

If it was intended to tax the business of sewing-machine companies in this state, the person who was at the head of the agency, and who was intrusted with the regulation and control of the duties created by the several contracts of agency, would be liable. This was not appellant.   He was collector only.   He had nothing to do with making or regulating the contracts between the company and its agents.   This point was not presented to the court in the case of *Hendon* v. *The State,* 61 Miss. 146.

"A law imposing a privilege tax must be construed favorably to the citizen, and no occupation is to be taxed unless clearly within the provisions of the law."   *R. R. Co.* v. *The State,* 62 Miss. 105.

In *Moses* v. *The State,* 65 Miss. 56, an agent who came into the state to adjust a loss for an insurance company, was held liable upon the ground that the statute made it a misdemeanor for the agent of a foreign insurance company, which had not complied with the law, to come into the state to adjust a loss.   This was carrying out the principle announced in *Hendon* v. *The State.*

No counsel for appellee.

COOPER, J., delivered the opinion of the court.

The establishment at Meridian is a sewing-machine agency within

the meaning of § 585 of the code. · The· fact that the course of business was to supply from the room agents, who made sales by seeking customers at their homes, instead of selling at the place where the machines were·kept, does not so change the character of the business as to exempt it from paying the privilege tax imposed.

The legislature in dealing with the subject of privileges, taxed them in reference to the known and usual course of business, and the burden imposed cannot be·evaded by changes in the mere form of transacting the business intended to be taxed, or by parcelling out among several the duties usually pertaining to one.

The fact that the building in which the agency was established was rented by the Singer Sewing Machine Company ; that the agency was established by Weeks who lived in Mobile ; that a lady was employed to keep the account of stock and to charge up the machines delivered to those ·who were employed to sell them ; that these agents made their first reports directly to the office in Mobile, and that the accounts were returned to Mitchell, the appellant, for collection, are insufficient to negative the· existence of a taxable agency in this state, or to relieve ·those actually engaged in its operation from the duty of paying the tax imposed by law. The effort to so divide the responsibility of its management as to leave no one liable to indictment for failure to pay the tax is in vain. The danger is rather that each of the numerous managers may be held to be indictable than that either may escape.

Weeks having escaped conviction, it is not necessary to express an opinion relative to his guilt or innocence ; the conviction of the appellant is supported by the evidence, and the judgment is,

*Affirmed.*